# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRICKLAYERS & ALLIED CRAFTWORKERS                    :
LOCAL 1 OF PA/DE                                      :
2706 Black Lake Place                                :
Philadelphia, PA 19154                               :
                                                     :
     and                     :
                                                     :
TRUSTEES OF BRICKLAYERS & ALLIED                     :
CRAFTWORKERS LOCAL 1 OF PA/DE                        :
JOINT APPRENTICE AND TRAINING FUND                   :
2704 Black Lake Place                                :
Philadelphia, PA 19154                               :
                                                     :
     and                     :
                                                     :
TRUSTEES OF BRICKLAYERS & ALLIED                     :
CRAFTWORKERS LOCAL 1 OF PA/DE                        :
ANNUITY FUND                                         :
2704 Black Lake Place                                :
Philadelphia, PA 19154                               :
                                                     :
     and                     :
                                                     :
TRUSTEES OF BRICKLAYERS & ALLIED                     :
CRAFTWORKERS LOCAL 1 OF PA/DE                        :
PENSION FUND                                         :
2704 Black Lake Place                                :
Philadelphia, PA 19154                               :
                                                     :
     and                     :
                                                     :
TRUSTEES OF BRICKLAYERS & ALLIED                     :
CRAFTWORKERS LOCAL 1 OF PA/DE                        :
HEALTH & WELFARE FUND                               :
2704 Black Lake Place                                :
Philadelphia, PA 19154                               :
                                                     :
     and                     :
                                                     :
TRUSTEES OF POINTERS, CLEANERS                       :
& CAULKERS LOCAL 35 VACATION FUND                   :
2704 Black Lake Place                                :
Philadelphia, PA 19154                               :

|                                                    |   |
|----------------------------------------------------|---|
| and                                                | : |
|                                                    | : |
| TRUSTEES OF BRICKLAYER & TROWEL                    | : |
| TRADES INTERNATIONAL PENSION FUND                  | : |
| 620 F Street, N.W., Suite 700                      | : |
| Washington, D.C.  20004                            | : |
|                            Plaintiffs,             | : |
|                                                    | : |
|                                                    | : |
|               v.                                   | : |
|                                                    | : |
| GTC CERAMIC TILE, LLC                              | : |
| 1817 Shallcross Avenue                             | : |
| Folcroft, PA 19032                                 | : |
|                                                    | : |
|               and                                  | : |
|                                                    | : |
| GEORGE CELONA                                      | : |
| 1817 Shallcross Avenue                             | : |
| Folcroft, PA 19032                                 | : |
|                            Defendants.             | : |

## COMPLAINT

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)

### Parties

1.      Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of

2

1974, 29 U.S.C. §§ 1002(3) and (37). The Joint Apprentice and Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Joint Apprentice and Training Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

      3.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Annuity Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

      4.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

      5.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health & Welfare Fund was established and is maintained

according to the provisions of its Restated Agreement and Declaration of Trust. The Health & Welfare Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Plaintiffs the Board of Trustees of the Pointers, Cleaners & Caulkers Local 35 Vacation Fund (collectively, along with the Plaintiffs described in Paragraphs 2-5, "Local Trust Funds") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Vacation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Vacation Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.      Plaintiffs the Board of Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The International Trust Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The International Trust Fund is administered at 620 F Street, N.W., Suite 700, Washington, D.C. 20004. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

8.      GTC Ceramic Tile, LLC ("GTC"), is a Pennsylvania business existing under Pennsylvania laws with offices located at 1817 Shallcross Avenue, Folcroft, PA 19032.

9.      GTC transacts business in Pennsylvania as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting

commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

10.     At all relevant times, GTC was and is signatory and bound to a collective bargaining agreement ("CBA" or "Collective Bargaining Agreement") with the Bricklayers and Allied Craftworkers Local 1 of PA/DE.

11.     Upon information and belief, George Celona ("Celona") is an officer and owner of GTC, and resides at 1817 Shallcross Avenue, Folcroft, PA 19032.

12.     Upon information and belief, at all relevant times, George Celona exercised control and discretion over the assets of GTC, including, but not limited to, decisions regarding the collection of receivables for GTC, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by GTC's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, GTC is a fiduciary to the Trust Fund Plaintiffs, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## Jurisdiction

13.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions pursuant to a Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner

individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

14.     Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Trust Fund Plaintiffs are located and administered.

15.     This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO TRUST FUND PLAINTIFFS FOR UNPAID CONTRIBUTIONS)

16.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in Count I.

17.     Pursuant to its Collective Bargaining Agreement, Defendant GTC agreed to report and pay to the Trust Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

18.     Defendant GTC employed certain employees covered by the Collective Bargaining Agreement, but failed to report and pay the amounts when due to the Trust Funds for certain months of work performed for the period January 2017 through and including the present, as required by the Collective Bargaining Agreement and the Trust Fund Plaintiffs' Restated Agreements and Declarations of Trust.

19.     The Trust Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in

addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20.     The Trust Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for attorneys' fees and court costs.

## COUNT II

## (REQUEST FOR INJUNCTIVE RELIEF)

21.     The Plaintiffs hereby adopt, incorporate and restate in Count II Paragraphs 1 through 20 of the Complaint, as if fully set forth in Count II.

22.     Defendant GTC, pursuant to the Collective Bargaining Agreement and the Trust Fund Plaintiffs' Restated Agreements and Declarations of Trust, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

23.     Defendant GTC has failed to submit timely reports and pay contributions to the Plaintiff Trust Funds for certain months during the period January 2017 through the present. Plaintiffs' counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust.

24.     Defendant GTC's repeated disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan, and threatens the Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

25.     By virtue of the failure to make timely payments, Defendant GTC has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional

administrative expenses as well as deprive the Plaintiffs and their participants of the ability to determine the amount of contributions owed and credit earned by employees during that time period.

26.     The public interest will be served by an issuance of injunctive relief.

## COUNT III

### (FOR BREACH OF FIDUCIARY DUTY)

27.     The Plaintiffs hereby adopt, incorporate and restate in Count III Paragraphs 1 through 26 as if fully set forth in Count III.

28.     Upon information and belief, the Defendant George Celona was and is responsible for creating and operating GTC and determining the total amount of employer contributions to report and pay to the Trust Fund Plaintiffs from GTC's assets, and the total amount of contributions withheld from employees' wages to pay to the Trust Fund Plaintiffs' from GTC's assets.

29.     Upon information and belief, Defendant Celona commingled assets of GTC payable to the Plaintiffs with the general assets of GTC and used those assets for purposes other than to pay the Plaintiffs.

30.     Defendant Celona therefore exercised authority and control over the Trust Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

31.     The amounts due, unreported and unpaid by Defendant GTC, are assets of the Trust Fund Plaintiffs as established in the Collective Bargaining Agreement and the Trust Funds' Restated Trust Agreements.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, and III as follows:

1. That the Court find the Defendant GTC liable in the amount of contributions, interest,

liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from January 2017 to date and through the date of judgment;

2. That the Court find the Defendant GTC liable in the amount of unremitted contributions deducted from employees' wages, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from January 2017 to date and through the date of judgment;

3. That the Defendant GTC be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count II;

4. That the Court find the Defendant, George Celona, jointly and severally liable with Defendant GTC for the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from January 2017 to date and through the date of judgment;

5. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), and the Restated Trust Agreements; and

6. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: January 30, 2020

/s/ Kathleen Bichner
Kathleen Bichner, Bar No. 320946
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996